IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PAUL DOUGLAS JACKSON, § | |
| § | |
| *Petitioner*, § | |
| § | |
| v. § | No. 3:21-CV-02632-X-BN |
| § | |
| DIRECTOR, TDCJ-CID, § | |
| § | |
| *Respondent*. § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND DENYING A CERTIFICATE OF APPEALABILITY**

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case [Doc. No. 6] (the FCR). Specifically, the Magistrate Judge recommends dismissing the petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2254 because the application is untimely and the petitioner does not argue actual innocence, statutory tolling, or equitable tolling. The petitioner made objections. [Doc. No. 8].

The Court has reviewed the FCR *de novo* and finds that the petitioner's application is indeed time-barred. Although the petitioner asserts in his objection to the Magistrate Judge's recommendation that he "presented a Claim of Actual Innocence," he did not do so.[1] And the petitioner also failed to argue that equitable

---

[1] On this point, all that the petitioner says is that he told his counsel that he did not commit the offense. That is not enough. To circumvent AEDPA's statute of limitations, a petitioner must present extremely strong evidence of factual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 401 (2013).

1

or statutory tolling could excuse his 13-year delay in filing his § 2254 application. Accordingly, the Court **ACCEPTS** the FCR. The Clerk of the Court shall serve this order on the Texas Attorney General.

The petitioner has also filed a motion for certificate of appealability on the FCR. [Doc. No. 9]. But only this Court's order can be appealed. *See generally* 28 U.S.C. § 2253. So the Court **DENIES** the motion for a certificate of appealability as to the FCR.

And, considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court **DENIES** a certificate of appealability as to this order. The Court adopts and incorporates by reference the FCR in support of its finding that Petitioner has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" or "debatable whether [this Court] was correct in its procedural ruling."[2]

**IT IS SO ORDERED** this 16th day of December, 2021.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[2] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).